CHEHARDY, Judge.
Plaintiff, Lilly Simmons, instituted this suit for injuries received in a slip-and-fall accident at an apartment complex where she resided with her common-law husband. Named defendants were the co-owners of the building, Chester Isenmann and Bruce North. Following trial on the merits, judgment was rendered in favor of defendants dismissing plaintiffs suit. Plaintiff has appealed.
Plaintiff was the only person to testify as to the facts of the accident. On June 7, 1981, at about three p.m., Ms. Simmons, who is a domestic worker, was driven home by her employer. When she got out of the car onto the public sidewalk a short distance from her apartment, she was carrying three items which had been given to her by the employer: a bedspread folded over her arm; a dead coon wrapped in paper, which she was holding by the tail in one of her hands; and a nine-inch pot with two handles, which she was carrying to cook the coon in.
In order to get to her apartment she walked on the street sidewalk to a ramp leading to the building sidewalk which is perpendicular to the street sidewalk. The apartment sidewalk is about nine inches higher than the street sidewalk, and a few feet away from the street sidewalk. The ramp joins the two different elevations.
As Ms. Simmons was walking up the ramp she slipped and fell and broke her elbow. She was taken by ambulance to Charity Hospital where she was operated on and later treated for her injuries by other doctors as an outpatient.
The trial court found that plaintiffs own negligence was the proximate cause of the accident and that there was no negligence on the part of defendants.
In this court appellant contends the trial court erred in: (1) not finding defendants were strictly liable to plaintiff, (2) failing to find that defendants were not negligent, and (3) finding the accident was due to plaintiffs own negligence.
Appellants rely on LSA-C.C. arts. 2322 and 2695, which provide:
“The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction.” Article 2322.
“The lessor guarantees the lessee against all the vices and defects of the thing, which may prevent its being used even in case it should appear he knew nothing of the existence of such vices and defects, at the time the lease was made, and even if they have arisen since, provided they do not arise from the fault of the lessee; and if any loss should result to the lessee from the vices and defects, the lessor shall be bound to indemnify him for the same.” Article 2695.
The burden of proof required of a plaintiff is: (1) showing the existence of a defect; and (2) establishing causation between the defect and the injury. Ward v. Conn, 344 So.2d 60 (La.App. 4th Cir.1977).
For the lessors to absolve themselves from liability they must establish that a defect did not exist and that their obligations under C.C. 2695 to deliver and maintain the leased premises free from defects were satisfied. Anthony v. United States Fidelity & Guaranty Co., 312 So.2d 689 (La.App. 4th Cir.1975).
We cannot find any evidence in the record that the ramp was defective. The ramp where plaintiff fell is in the apartment complex located at 1425 Monroe Street, Gretna. It was built about 32 years ago by Fred Strohmeyer, who owned it for 19 or 20 years. He testified the slope (ramp) was built at the same time as the *279 complex, and the walkway and slope were also poured at that time. The street sidewalk on Monroe Street parallels the street, and the unit where plaintiff lives is perpendicular to the street sidewalk. Since the building is nine inches higher than the street, the ramp was placed between the two elevations to make for easy access. The ramp extends two feet to three feet upward from the sidewalk where it levels off for about three inches before joining the building walk.
Mr. Strohmeyer stated no one ever complained to him about the ramp or sidewalk during the years he owned the property, and the co-owners of the complex at the time plaintiff was injured testified that they never had any complaints or knew of anyone being injured from the time they purchased the property in 1971 until plaintiffs accident. Both men had used the ramp many times. Mr. Isenmann was the manager and Mr. North personally collected rents, called plumbers, electricians, etc., when repairs were necessary. He knew all of the tenants and visited the complex nearly every Sunday. No repairs were ever made to the ramp because none were ever necessary.
Plaintiff had walked up and down the ramp on many occasions in the two to five years she had lived in the complex and had no problem with it prior to this accident. She stated that someone else in the complex fell in the same area after she was injured.
The record reflects that there is no crack, cleavage or construction joint of any kind in the ramp because it was poured at the same time as the original sidewalk. The ramp surface is made up of exposed aggregate for a nonslip appearance. However several small pieces of aggregate were highly polished when inspected after the accident, because, according to a plaintiff witness, years of walking on the cement matrix wears it away and the larger gravel remains elevated. Only four pieces of polished aggregate, were noted near the top on the right side about one inch from the wall of the building.
The accident occurred on a sunny day and the record is devoid of any evidence that plaintiff fell on a slippery surface. She has not met her burden of proof that the accident occurred because of a defect on the premises. The landlords, therefore, are not liable.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.